Harmon Park Company and John H. Storer, Appellants, v. Frank E. Wade and Others, Respondents.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Carr and Stapleton, JJ., concurred.

Frank Holland, Respondent, v. Gennaro Gragnano, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event, on the ground of error in refusals to charge as requested by defendant at folios 154, 155 and 156 of the record, and because of insufficient proof of the damages awarded by the jury. Jenks, P. J., Burr, Carr and Putnam, JJ., concurred; Thomas, J., not voting.

In the Matter of the Final Judicial Settlement of the Account of Proceedings of Franklin Couch, as Administrator with the Will Annexed of John James, Deceased, Respondent. Lizzie Boyd, Appellant; George Lockwood and Others, Respondents.— Decree of the Surrogate's Court of Westchester county affirmed, with costs to all the parties to the appeal payable out of the estate. No opinion. Jenks, P. J., Carr, Rich, Stapleton and Putnam, JJ., concurred.

In the Matter of the Judicial Settlement of the Account of Joseph S. Greaney, as Executor, etc., of John F. Greaney, Deceased, Appellant. Ethel C. M. Greaney, Respondent.— Decree of the Surrogate's Court of Kings county affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

John Kidd, as Executor, etc., of George W. Wait, Deceased, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. On the issue of warning signals from defendant's train the outside testimony of a large number of disinterested witnesses supports the affirmative evidence of the engineer and fireman. There was no substantial issue raised by negative testimony from observers in a position to hear and see, and who were attentive to the train's approach. Plaintiff's testimony was, therefore, overborne by that of defendant upon the vital issue of defendant's signals and the want of care by plaintiff's testator in driving his motor car upon the crossing in front of the train. Hence the motion to set aside the verdict, as against the weight of evidence, should have been granted. Jenks, P. J., Carr, Rich, Stapleton and Putnam, JJ., concurred.